LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

GEORGE M. ROSENBERG,
A PROFESSIONAL CORPORATION
George M. Rosenburg, Esq. (SBN 62570)
George@Rosenberg-LawFirm.com
12100 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 207-0703
Facsimile: (310) 207-0787

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CYNTHIA BRIONES and MAURICE BRIONES, in each case individually and as a successor in interest to Kyle Briones, deceased,

Plaintiffs,

vs.

CITY OF ONTARIO and DOES 1-10, inclusive,

Defendants.

Case No. 5:17-cv-00590

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal Liability – Ratification (42 U.S.C. § 1983)
6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Cynthia Briones and Maurice Briones, in each case individually and as a successor in interest to Kyle Briones, deceased, for their Complaint against Defendants City of Ontario and DOES 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal officer-involved death of Plaintiffs' son, Kyle Briones ("DECEDENT"), on October 5, 2016.

## PARTIES

4. At all relevant times, Decedent Kyle Briones was an individual residing in the City of Ontario, California.

5. Plaintiff CYNTHIA BRIONES is an individual residing in the City of Ontario, California, and is the natural mother of DECEDENT. CYNTHIA BRIONES sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

California Code of Civil Procedure § 377.60. CYNTHIA BRIONES seeks both survival and wrongful death damages under federal law.

6. Plaintiff MAURICE BRIONES is an individual residing in the City of Ontario, California, and is the natural father of DECEDENT. MAURICE BRIONES sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. MAURICE BRIONES seeks both survival and wrongful death damages under federal law.

7. At all relevant times, Defendant CITY OF ONTARIO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Ontario Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City of Ontario Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

8. Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the City of Ontario Police Department. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the City of Ontario Police Department. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the City of Ontario Police Department who were acting under color of law within the course and scope of their duties as police officers for the City of Ontario Police Department. DOES

6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the City of Ontario Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City of Ontario Police Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11. On information and belief, DOES 1-10 were residents of the County of San Bernardino, California.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 6-10.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15. DOES 1-10 are sued in their individual capacity.

16. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified (or will ratify) all of the acts complained of herein.

18. On December 28, 2016, Plaintiffs filed a comprehensive and timely claim for damages with the City of Ontario pursuant to applicable sections of the California Government Code.

19. On February 10, 2017, the City of Ontario denied Plaintiffs' claims.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. On October 5, 2016, at approximately 1:15 a.m., a tire blew out on DECEDENT's vehicle, causing him to lose control of the vehicle and collide with a street sign. This single-vehicle collision occurred near the intersection of Archibald Avenue and Ontario Ranch Road, in the City of Ontario, California. A civilian motorist observed DECEDENT's disabled vehicle and called 9-1-1. DOE OFFICERS responded to the call. After DOE OFFICERS arrived, DECEDENT exited the vehicle and was able to walk, although with great difficulty. Rather than addressing DECEDENT's injuries, DOE OFFICERS forced DECEDENT into a prone position on the ground and attempted to handcuff DECEDENT. Additional DOE OFFICERS arrived on scene and assisted with the efforts to handcuff DECEDENT. In the process, DOE OFFICERS placed pressure on DECEDENT's back and stood and knelt on the back of DECEDENT's thighs. DOE OFFICERS then proceeded to use Tasers on DECEDENT. After using Tasers on DECEDENT,

DOE OFFICERS cuffed DECEDENT's wrists and ankles. On information and belief, DECEDENT was held down in a prone position for fifteen to twenty minutes.

22. After both his wrists and ankles were cuffed, and while still prone, DECEDENT became unresponsive. DOE OFFICERS then turned DECEDENT over onto his back. DOE OFFICERS realized DECEDENT was not breathing and began, without success, to administer CPR. Paramedics arrived, administered CPR, and then transported DECEDENT to Kaiser Hospital, where DECEDENT was pronounced dead.

23. After DECEDENT's vehicle struck the street sign as a result of the tire blowing out, DECEDENT was bleeding, groaning from pain, and in obvious and critical need of emergency medical care and treatment. However, rather than treating DECEDENT immediately or calling for medical personnel to treat his injuries that resulted from the vehicle collision, DOE OFFICERS forced DECEDENT into a prone position. After DECEDENT lost consciousness following the handcuffing wherein DOE OFFICERS placed pressure on DECEDENT's backside, DOE OFFICERS did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

24. The use of force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at all relevant times, including Defendants DOE OFFICERS.

25. Plaintiff CYNTHIA BRIONES is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

26. Plaintiff MAURICE BRIONES is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

27. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. Defendants DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

29. DOE OFFICERS violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

31. This unreasonable detention, arrest, and restraint caused Plaintiffs' and DECEDENT's injuries. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32. Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's

rights. Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

33. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. DOE OFFICERS forced DECEDENT into a prone position on the ground and attempted to handcuff DECEDENT. Additional DOE OFFICERS arrived on scene and assisted with the efforts to handcuff DECEDENT. In the process, DOE OFFICERS placed pressure on DECEDENT's back and stood and knelt on the back of DECEDENT's thighs. DOE OFFICERS proceeded to use Tasers on DECEDENT. After using Tasers on DECEDENT, DOE OFFICERS cuffed DECEDENT's wrists and ankles. On information and belief, DECEDENT was held down in a prone position for fifteen to twenty minutes. This, along with other undiscovered uses of force against DECEDENT, constitutes unreasonable and excessive force.

35. Defendants DOE OFFICERS' unjustified use of force, in particular, the unreasonable restraint, deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

37. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

38. The use of force was excessive and unreasonable, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone, including Defendants DOE OFFICERS.

39. DOE OFFICERS integrally participated or failed to intervene in the use of force.

40. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent it.

41. Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

42. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. After DECEDENT's vehicle struck the street sign as a result of the tire blowing out, DECEDENT was bleeding, groaning from pain, and in obvious and critical need of emergency medical care and treatment. However, rather than treating DECEDENT immediately or calling for medical personnel to treat his injuries that resulted from the vehicle collision, DOE OFFICERS forced

DECEDENT into a prone position. After DECEDENT lost consciousness following the handcuffing wherein DOE OFFICERS placed pressure on DECEDENT's backside, DOE OFFICERS did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

44. The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, and also suffered loss of enjoyment of life, loss of life, and loss of earning capacity.

46. Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

47. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

48. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

49. Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's

rights. Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

50. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in DECEDENT's familial relationships.

52. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.

53. The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

54. DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their son.

55. As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiffs have suffered emotional distress, mental anguish, and pain. Plaintiffs have

also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

56. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

57. Plaintiffs seek wrongful death damages under this claim in their individual capacities and also seek survival damages for the violation of DECEDENT's due process right. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

58. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants DOE OFFICERS acted under color of law.

60. The acts of DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

61. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified (or will ratify) Defendants the acts of DOE OFFICERS and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants DOE OFFICERS' acts.

62. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

63. On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

64. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

65. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

66. Plaintiffs bring this claim as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

67. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. Defendants DOE OFFICERS acted under color of law.

69. The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

70. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force and positional and restraint asphyxia.

71. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately, including with regard to positional restraint asphyxia.

72. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS; that is, the defendants' failure to train is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

73. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

74. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

75. Plaintiffs bring this claim as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

76. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. Defendants DOE OFFICERS acted under color of law.

78. Defendants DOE OFFICERS acted pursuant either to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

79. On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

80. Defendants CITY and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force and improperly restraining subjects that are being taken into custody;

(b) Providing inadequate training regarding the use of force, including with regard to positional and restraint asphyxia;

(c) Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including Defendants DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

(f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h) Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police misconduct with regards to the use of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the use of force against unarmed people.

81. The aforementioned unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases involving the use of deadly force against an unarmed person by a police officer working for the COPD.

82. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and

omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

83. Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

84. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

85. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86. Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

//

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs CYNTHIA BRIONES and MAURICE BRIONES request entry of judgment in their favor and against Defendants CITY of Ontario and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 28, 2017

LAW OFFICES OF DALE K. GALIPO
GEORGE M. ROSENBERG

By s/ Dale K. Galipo
Dale K. Galipo
George M. Rosenberg
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: March 28, 2017

LAW OFFICES OF DALE K. GALIPO
GEORGE M. ROSENBERG

By ______ s/Dale K. Galipo ______
Dale K. Galipo
George M. Rosenberg
Attorneys for Plaintiffs