1   LAW OFFICES OF DALE K. GALIPO
    Dale K. Galipo, Esq. (SBN 144074)
2   dalekgalipo@yahoo.com
    Renee V. Masongsong (SBN 281819)
3   rvalentine@galipolaw.com
    21800 Burbank Blvd., Ste. 310
4   Woodland Hills, CA  91367
    Telephone:   (818) 347-3333
5   Facsimile:   (818) 347-4118

GEORGE M. ROSENBERG,
A PROFESSIONAL CORPORATION
George M. Rosenberg, Esq. (SBN 62570)
George@Rosenberg-LawFirm.com
12100 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 207-0703
Facsimile: (310) 207-0787

6   *Attorneys for Plaintiffs*

7   **UNITED STATES DISTRICT COURT**

8   **CENTRAL DISTRICT OF CALIFORNIA**

9

10  CYNTHIA BRIONES and MAURICE
11  BRIONES, in each case individually
    and as a successor in interest to Kyle
12  Briones, deceased,

13          Plaintiffs,

14      vs.

15  CITY OF ONTARIO; STAFFORD
16  CROSS, MIKE GONZALEZ,
    MICHAEL MORA, DARRYL
17  BROWN, KYLE MORGAN and DOES
    6-10, inclusive,
18

19          Defendants.

20

21

Case No. 5:17-cv-00590-DMG-JPR

**SECOND AMENDED
COMPLAINT FOR DAMAGES**
1. Unreasonable Search and
   Seizure—Detention and Arrest (42
   U.S.C. § 1983)
2. Unreasonable Search and
   Seizure—Excessive Force (42
   U.S.C. § 1983)
3. Unreasonable Search and
   Seizure—Denial of Medical Care
   (42 U.S.C. § 1983)
4. Due Process—Interference with
   Familial Relationship (42 U.S.C. §
   1983)
5. Municipal Liability – Ratification
   (42 U.S.C. § 1983)
6. Municipal Liability – Inadequate
   Training (42 U.S.C. § 1983)
7. Municipal Liability –
   Unconstitutional Custom, Practice,
   or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (wrongful death)
10. Negligence (wrongful death)
11. Violation of Cal. Civil Code 52.1

**DEMAND FOR JURY TRIAL**

-0-

## SECOND AMENDED COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Cynthia Briones and Maurice Briones, in each case individually and as a successor in interest to Kyle Briones, deceased, for their Complaint against Defendants City of Ontario, Stafford Cross, Mike Gonzalez, Michael Mora, Darryl Brown, Kyle Morgan and DOES 6-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal officer-involved death of Plaintiffs' son, Kyle Briones ("DECEDENT"), on October 5, 2016.

## PARTIES

4.      At all relevant times, Decedent Kyle Briones was an individual residing in the City of Ontario, California.

5.      Plaintiff CYNTHIA BRIONES is an individual residing in the City of Ontario, California, and is the natural mother of DECEDENT. CYNTHIA BRIONES sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

California Code of Civil Procedure § 377.60. CYNTHIA BRIONES seeks both survival and wrongful death damages under federal law.

6. Plaintiff MAURICE BRIONES is an individual residing in the City of Ontario, California, and is the natural father of DECEDENT. MAURICE BRIONES sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. MAURICE BRIONES seeks both survival and wrongful death damages under federal law.

7. At all relevant times, Defendant CITY OF ONTARIO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Ontario Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the City of Ontario Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 6-10.

8. Defendants Stafford Cross, Mike Gonzalez, Michael Mora, Darryl Brown, and Kyle Morgan ("the OFFICER DEFENDANTS") are police officers and/or sergeants working for the City of Ontario Police Department. The officer defendants were acting under color of law within the course and scope of their duties as officers for the City of Ontario Police Department. At all relevant times, the officer defendants were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the City of Ontario Police Department who were acting under color of law within the course and scope

of their duties as police officers for the City of Ontario Police Department.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the City of Ontario Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City of Ontario Police Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     On information and belief, DOES 6-10 were residents of the County of San Bernardino, California.

12.     In doing the acts and failing and omitting to act as hereinafter described, the officer defendants were acting on the implied and actual permission and consent of Defendants DOES 6-10.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 6-10 were acting on the implied and actual permission and consent of the CITY.

14.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 6-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     DOES 6-10 are sued in their individual capacity.

16.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified (or will ratify) all of the acts complained of herein.

18.     On December 28, 2016, Plaintiffs filed a comprehensive and timely claim for damages with the City of Ontario pursuant to applicable sections of the California Government Code.

19.     On February 10, 2017, the City of Ontario denied Plaintiffs' claims.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     On October 5, 2016, at approximately 1:15 a.m., DECEDENT was involved in a single-vehicle collision near the intersection of Archibald Avenue and Ontario Ranch Road, in the City of Ontario, California.  Plaintiffs believe the collision was occurred when a tire on DECEDENT's vehicle blew out.  A civilian motorist observed DECEDENT's disabled vehicle and called 9-1-1.  The OFFICER DEFENDANTS responded to the call and DECEDENT exited the vehicle with assistance.  Rather than addressing DECEDENT's injuries, the OFFICER DEFENDANTS forced DECEDENT into a prone position on the ground and restrained DECEDENT.  Additional OFFICER DEFENDANTS arrived on scene and assisted with the efforts to restrain and handcuff DECEDENT.  In the process, the OFFICER DEFENDANTS placed pressure on DECEDENT's back and stood and knelt on the backs of DECEDENT's legs.  The OFFICER DEFENDANTS also deployed a Taser to DECEDENT's back.  The OFFICER DEFENDANTS cuffed

DECEDENT's wrists and hobbled his ankles with a TARP restraint while DECEDENT was face and chest down.  The OFFICER DEFENDANTS held DECEDENT face and chest down, restrained in a prone position, for an extended period of time.

22.     After the OFFICER DEFENDANTS cuffed DECEDENT's wrists and hobbled his legs, and while DECEDENT was still prone, DECEDENT became quiet, still, and unresponsive.  Paramedics arrived, administered CPR, and then transported DECEDENT to Kaiser Hospital, where DECEDENT was pronounced dead.

23.     After single-vehicle collision, in which Plaintiffs believe DECEDENT's vehicle struck the street sign as a result of the tire blowing out, DECEDENT was groaning from pain and in obvious and critical need of emergency medical care and treatment.  However, rather than treating DECEDENT immediately or calling for medical personnel to treat his injuries that resulted from the vehicle collision, the OFFICER DEFENDANTS forced DECEDENT into a prone position.  The OFFICER DEFENDANTS did not timely summon medical care, nor did the OFFICER DEFENDANTS permit medical personnel to treat DECEDENT without delay after the paramedics arrived on scene.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

24.     The use of force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at all relevant times, including the OFFICER DEFENDANTS.

25.     Plaintiff CYNTHIA BRIONES is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

26.     Plaintiff MAURICE BRIONES is DECEDENT's successor-in-interest as defined in Section 377.11 and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against the OFFICER DEFENDANTS)

27.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.     The OFFICER DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

29.     The OFFICER DEFENDANTS violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     The conduct of the OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS.

31.     This unreasonable detention, arrest, and restraint caused Plaintiffs' and DECEDENT's injuries. As a result of their misconduct, Defendants the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's

1  rights.  Plaintiffs also seek funeral and burial expenses and attorney's fees under this

2  claim.

3

4                              **SECOND CLAIM FOR RELIEF**

5        **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

6                              (Against the OFFICER DEFENDANTS)

7        33.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

8  through 32 of this Complaint with the same force and effect as if fully set forth

9  herein.

10       34.    The OFFICER DEFENDANTS forced DECEDENT into a prone

11  position on the ground and attempted to handcuff DECEDENT.  Additional

12  OFFICER DEFENDANTS arrived on scene and assisted with the efforts to

13  handcuff DECEDENT.  In the process, the OFFICER DEFENDANTS placed

14  pressure on DECEDENT's back and stood and knelt on the back of DECEDENT's

15  thighs.  The OFFICER DEFENDANTS proceeded to use Tasers on DECEDENT.

16  After using Tasers on DECEDENT, the OFFICER DEFENDANTS cuffed

17  DECEDENT's wrists and applied a hobble to his ankles.  DECEDENT was held

18  down in a prone position for an extended period of time. This, along with other

19  undiscovered uses of force against DECEDENT, constitutes unreasonable and

20  excessive force.

21       35.    The OFFICER DEFENDANTS' unjustified use of force, in particular,

22  the unreasonable restraint, deprived DECEDENT of his right to be secure in his

23  person against unreasonable searches and seizures as guaranteed to DECEDENT

24  under the Fourth Amendment to the United States Constitution and applied to state

25  actors by the Fourteenth Amendment.

26       36.    As a result of the foregoing, DECEDENT suffered great physical pain

27  and emotional distress up to the time of his death, loss of enjoyment of life, loss of

28  life, and loss of earning capacity.

37.     The conduct of the OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS.

38.     The use of force was excessive and unreasonable, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone, including the OFFICER DEFENDANTS.

39.     Each of the OFFICER DEFENDANTS integrally participated or failed to intervene in the use of force.

40.     As a result of their misconduct, the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent it.

41.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against the OFFICER DEFENDANTS)

42.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     After DECEDENT's vehicle struck the street sign as a result of the tire blowing out, DECEDENT was bleeding, groaning from pain, and in obvious and critical need of emergency medical care and treatment.  However, rather than treating DECEDENT immediately or calling for medical personnel to treat his injuries that resulted from the vehicle collision, the OFFICER DEFENDANTS

forced DECEDENT into a prone position.  After DECEDENT lost consciousness following the restraint wherein the OFFICER DEFENDANTS placed pressure on DECEDENT's backside, the OFFICER DEFENDANTS did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

44.     The denial of medical care by the OFFICER DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, and also suffered loss of enjoyment of life, loss of life, and loss of earning capacity.

46.     The OFFICER DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

47.     The conduct of the OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS.

48.     As a result of their misconduct, the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

49.     Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's

1  rights.  Plaintiffs also seek funeral and burial expenses and attorney's fees under this

2  claim.

3

4  **FOURTH CLAIM FOR RELIEF**

5  **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

6  (Against the OFFICER DEFENDANTS)

7      50.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

8  through 49 of this Complaint with the same force and effect as if fully set forth

9  herein.

10     51.     DECEDENT had a cognizable interest under the Due Process Clause of

11  the Fourteenth Amendment of the United States Constitution to be free from state

12  actions that deprive him of life, liberty, or property in such a manner as to shock the

13  conscience, including but not limited to unwarranted state interference in

14  DECEDENT's familial relationships.

15     52.     Plaintiffs had a cognizable interest under the Due Process Clause of the

16  Fourteenth Amendment of the United States Constitution to be free from state

17  actions that deprive them of life, liberty, or property in such a manner as to shock

18  the conscience, including but not limited to unwarranted state interference in

19  Plaintiffs' familial relationship with their son, DECEDENT.

20     53.     The aforementioned actions of the OFFICER DEFENDANTS, along

21  with other undiscovered conduct, shock the conscience, in that they acted with

22  deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and

23  with purpose to harm unrelated to any legitimate law enforcement objective.

24     54.     The OFFICER DEFENDANTS thus violated the substantive due

25  process rights of Plaintiffs to be free from unwarranted interference with their

26  familial relationship with DECEDENT, their son.

27     55.     As a direct and proximate cause of the acts of the OFFICER

28  DEFENDANTS, Plaintiffs have suffered emotional distress, mental anguish, and

-10-

pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

56.     The conduct of the OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS, either because they were integral participants or because they failed to intervene to prevent these violations.

57.     Plaintiffs seek wrongful death damages under this claim in their individual capacities and also seek survival damages for the violation of DECEDENT's due process right.  Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

58.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     The OFFICER DEFENDANTS acted under color of law.

60.     The acts of the OFFICER DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

61.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the OFFICER DEFENDANTS, ratified (or will ratify) the acts of the OFFICER DEFENDANTS and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the OFFICER DEFENDANTS' acts.

62.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the OFFICER DEFENDANTS were "within policy."

63.     On information and belief, Defendants THE OFFICER DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

64.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

65.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

66.     Plaintiffs bring this claim as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants CITY and DOES 6-10)

67.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.     The OFFICER DEFENDANTS acted under color of law.

69.     The acts of the OFFICER DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

70.     The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force and positional and restraint asphyxia.

71.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately, including with regard to positional and restraint asphyxia.

72.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by the OFFICER DEFENDANTS; that is, the defendants' failure to train is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

73.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

74.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

75.     Plaintiffs bring this claim as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees under this claim.

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 6-10)

76.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77.     The OFFICER DEFENDANTS acted under color of law.

78.     The OFFICER DEFENDANTS acted pursuant either to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

79.     On information and belief, the OFFICER DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

80.     Defendants CITY and the OFFICER DEFENDANTS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

       (a)     Using excessive force, including excessive deadly force and improperly restraining subjects that are being taken into custody;

       (b)     Providing inadequate training regarding the use of force, including with regard to positional and restraint asphyxia;

       (c)     Employing and retaining as police officers individuals such as the OFFICER DEFENDANTS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

       (d)     Inadequately supervising, training (including with regard to positional asphyxia and restraint asphyxia), controlling, assigning, and disciplining CITY police officers, and other personnel, including the OFFICER DEFENDANTS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

       (e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers;

       (f)     Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to

-14-

the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h) Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police misconduct with regards to the use of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the use of force against unarmed people.

81.     The aforementioned unconstitutional customs, practices, and policies, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases involving the use of deadly force against an unarmed person by a police officer working for the CITY.

82.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training,

-15-

guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

83.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

84.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

85.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86.     Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants CITY and the OFFICER DEFENDANTS)

87.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     The OFFICER DEFENDANTS, while working as police officers for the City of Ontario Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  The OFFICER DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause for an appreciable amount of time.

89.     DECEDENT did not knowingly or voluntarily consent.

90.     The conduct of the OFFICER DEFENDANTS was a substantial factor in causing the harm to DECEDENT.

91.     Defendant CITY is vicariously liable for the wrongful acts of Defendants THE OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     Each of the OFFICER DEFENDANTS integrally participated or failed to intervene in the detention and arrest.

93.     As a result of their misconduct, the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the detention and arrest, or because they failed to intervene to prevent it.

94.     The conduct of the OFFICER DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

95.     As a result of their misconduct, the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

96.     Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek funeral and burial expenses and attorney's fees under this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(Against Defendants CITY and the OFFICER DEFENDANTS)

97.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.     The OFFICER DEFENDANTS, while working as police officers and/or sergeants and/or corporals for the City of Ontario Police Department, and acting within the course and scope of their duties, pulled DECEDENT from his vehicle and forcibly restrained him, thereby using unreasonable and excessive force against him.  As a result of the actions of the OFFICER DEFENDANTS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  The OFFICER DEFENDANTS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers for the City of Ontario was an unreasonable and non-privileged use of force.

99.     The OFFICER DEFENDANTS integrally participated or failed to intervene in the use of force.

100.    As a result of their misconduct, each of the OFFICER DEFENDANTS are liable for DECEDENT's injuries, either because they were integral participants

in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

101.   As a direct and proximate result of the conduct of the OFFICER DEFENDANTS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of the OFFICER DEFENDANTS as alleged above, DECEDENT suffered survival damages.

102.   The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.   The conduct of the OFFICER DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to the OFFICER DEFENDANTS.

104.   Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

## TENTH CLAIM FOR RELIEF

### Negligence

(Wrongful Death)

(Against all Defendants)

105.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.   Police Officers, including the OFFICER DEFENDANTS, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

107.   The OFFICER DEFENDANTS breached this duty of care.  The actions and inactions of the OFFICER DEFENDANTS were negligent and reckless, including but not limited to:

    (a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b)    the negligent tactics and handling of the situation with DECEDENT, including with regard to their positioning and restraint of DECEDENT;

    (c)    the negligent detention, arrest, and use of force against DECEDENT;

    (d)    the failure to provide prompt medical care to DECEDENT;

    (e)    the failure to properly train and supervise employees, both professional and non-professional, including THE OFFICER DEFENDANTS, including with regard to positional asphyxia and restraint asphyxia;

    (f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    (g)    the negligent handling of evidence and witnesses; and

    (h)    the negligent communication of information during the incident.

108.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result

of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

109. The CITY is vicariously liable for the wrongful acts of DOES 6-10 and the OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110. Plaintiffs seek wrongful death damages under this claim in their individual capacity. Plaintiffs also seek survival damages as successors-in-interest to DECEDENT. Plaintiffs also seek attorney's fees under this claim.

## **ELEVENTH CLAIM FOR RELIEF**

### **(Violation of Cal. Civil Code § 52.1)**

(Against all Defendants)

111. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 110 of this Complaint with the same force and effect as if fully set forth herein.

112. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

113. On information and belief, the OFFICER DEFENDANTS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by pulling him from his vehicle, restraining him without justification or excuse, placing pressure on his back, integrally participating and

1   failing to intervene in the above violence, and denying DECEDENT necessary

2   medical care.

3       114.   When the OFFICER DEFENDANTS pulled DECEDENT from his

4   vehicle, restrained him, and placed pressure on DECEDENT's back, they interfered

5   with his freedom of speech and his civil rights to be free from unreasonable searches

6   and seizures, to due process, to equal protection of the laws, to medical care, to be

7   free from state actions that shock the conscience, and to life, liberty, and property.

8       115.   On information and belief, Defendants intentionally and spitefully

9   committed the above acts to discourage DECEDENT from exercising his civil

10  rights, to retaliate against him for invoking such rights, or to prevent him from

11  exercising such rights, which he was fully entitled to enjoy.

12      116.   On information and belief, DECEDENT reasonably believed and

13  understood that the violent acts committed by the OFFICER DEFENDANTS were

14  intended to discourage him from exercising the above civil rights, to retaliate against

15  him for invoking such rights, or to prevent him from exercising such rights.

16      117.    Defendants successfully interfered with the above civil rights of

17  DECEDENT and Plaintiffs.

18      118.   The conduct of the OFFICER DEFENDANTS was a substantial factor

19  in causing Plaintiffs' harms, losses, injuries, and damages.

20      119.   The CITY is vicariously liable for the wrongful acts of the OFFICER

21  DEFENDANTS pursuant to section 815.2(a) of the California Government Code,

22  which provides that a public entity is liable for the injuries caused by its employees

23  within the scope of the employment if the employee's act would subject him or her

24  to liability.

25      120.   Defendants DOES 6-10 are vicariously liable under California law and

26  the doctrine of *respondeat superior*.

27      121.   The conduct of Defendants was malicious, wanton, oppressive, and

28  accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights,

1  justifying an award of exemplary and punitive damages as to the OFFICER

2  DEFENDANTS.

3        122.   Plaintiffs seek wrongful death damages under this claim in their

4  individual capacities. Plaintiffs also seek survival damages as successors-in-interest

5  to DECEDENT. Plaintiffs also seek attorney's fees under this claim.

1   **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiffs Cynthia Briones and Maurice Briones request entry

3   of judgment in their favor and against Defendants CITY of Ontario, Stafford Cross,

4   Mike Gonzalez, Michael Mora, Darryl Brown, Kyle Morgan and DOES 6-10,

5   inclusive, as follows:

6          A.     For compensatory damages, including both survival damages and

7                 wrongful death damages under federal and state law, in the

8                 amount to be proven at trial;

9          B.     For funeral and burial expenses, and loss of financial support;

10         C.     For punitive damages against the individual defendants in an

11                amount to be proven at trial;

12         D.     For interest;

13         E.     For reasonable attorneys' fees, including litigation expenses;

14         F.     For costs of suit; and

15         G.     For such further other relief as the Court may deem just, proper,

16                and appropriate.

17

18   DATED:  August 28, 2017          LAW OFFICES OF DALE K. GALIPO
                                      GEORGE M. ROSENBERG
19

20                                    By  /s/ Dale K. Galipo
                                          _____
21                                        Dale K. Galipo
                                          Renee V. Masongsong
22                                        George M. Rosenberg
                                          Attorneys for Plaintiffs
23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury.

3

4     DATED:  August 28, 2017          LAW OFFICES OF DALE K. GALIPO
                                       GEORGE M. ROSENBERG
5

6                                      By  /s/ Dale K. Galipo
                                          _____
7                                         Dale K. Galipo
                                          Renee V. Masongsong
8                                         George M. Rosenberg
                                          Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-